IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| GOLASINSKI HOMES, LLC, | § § | Case No. 19-33035-H5-11 (Chapter 11) |
| Debtor, | § § | |
| SEGURO ASSETS, LLC, | § § | |
| Movant, | § § | |
| VS. | § § | CONTESTED MATTER |
| GOLASINSKI HOMES, LLC, | § § | |
| Respondent. | § § | |

**SEGURO ASSETS, LLC'S MOTION FOR RELIEF FROM STAY
AS TO REAL PROPERTY AND IMPROVEMENTS LOCATED AT
1803 AND 1822 TANNEHILL, HOUSTON, TEXAS 77008**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON JULY 17, 2019 AT 9:30 A.M. O'CLOCK P.M. IN COURTROOM 403, 515 RUSK AVENUE, 4TH FLOOR, HOUSTON, TEXAS 77002.**

TO THE HONORABLE JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:

COMES NOW, SEGURO ASSETS, LLC ("Movant") and files this Seguro Assets, LLC's Motion for Relief from Stay as to Real Property and Improvements Located at 1803 and 1822 Tannehill, Houston, Texas 77008, and would show this Court as follows:

## I.

### Summary and Relief Requested

1. Movant is entitled to relief from the stay for cause. Movant is a secured creditor with the Tannehill homes as its collateral. There is no equity in the Property, and Seguro Assets, LLC (the "Debtor") cannot formulate a confirmable plan. In addition, this case is a single asset real estate case and is essentially a two party dispute between the Debtor and Movant. The Debtor is attempting to stall Movant from foreclosing on its collateral. This Court should lift the automatic stay to allow Movant to foreclose.

2. The Debtor has not made a payment on the loan since March of 2019, and that payment was for the past due December 2018 payment. As of May 2019, the Debtor was five payments past due and in default. On May 13, 2019, the Movant gave notice of acceleration and posting of the Property serving as collateral for a June 4, 2019, foreclosure sale. On June 2, 2019, the Debtor filed this bankruptcy case to stop the scheduled foreclosure by Movant. The Debtor is in bad faith and abusing the bankruptcy process. One of the houses is not completed and needs substantial rehab. It is marketable almost exclusively to investors interested in investing in a rehab of that property. The other property is completed, but the Debtor just received its certificate of completion for the project in May of 2019, and there are no current prospects for its sale. Finally, there is a substantial unresolved mechanic's lien against the completed property clouding title. Both properties are subject to rapid deterioration. Movant asks this Court to grant relief from the automatic stay to allow Movant

to pursue its state law foreclosure remedy.

## II.

## Jurisdiction

3. This Court has jurisdiction to hear and determine this contested matter pursuant to 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C § 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G). This Court has the constitutional authority to enter a final order in this matter. Relief from the automatic stay is an essential bankruptcy matter which triggers the public rights exception. If this Court determines that it does not have such authority, Movant consents to entry of a final order.

## III.

## Background Facts

4. Movant is an asset based lender in El Paso, Texas. The Debtor is a builder. On or about April 10, 2017, Movant made a construction loan to the Debtor in the principal amount of $790,000.00 secured by the two lots of real property and the improvements located at 1803 and 1822 Tannehill Drive in Houston, Texas, the legal description of which is

> TRACT 1: Lot 1, Block 3, of Lazybrook, Section 2, according to the map or plat thereof in Volume 50, Page 42, of the Map Records of Harris County, Texas.
>
> TRACT 2: Being Lot 50, and the adjoining West 3 feet of Lot 49, Block 1, Lazybrook, Section 2, an addition in Harris County, Texas, according to the plat recorded in Volume 50, Page 42, Maps Records, Harris County, Texas.

(the "Property"). On April 10, 2017, the Debtor executed a promissory note payable to Movant in the principal amount of $790,000.00 with 11.99% interest to be paid in monthly payments of $8,199.96 (including principal and interest) beginning on June 1, 2018, over a period of sixty (60) months with the balance due at the end of that term. (Exhibit A). The Debtor executed a deed of trust granting Movant a lien against the Property and further executed an assignment of rents and

leases in favor of Movant. (Exhibit B and C).

5. From the time that payments became due, the Debtor paid late and irregularly. The Debtor defaulted in October 2018, and the Movant sent a demand letter in November. The Debtor did not make the October payment until December. When the Debtor made its October payment in December, it was still in default for failure to make the November payment. In February of 2019, the Movant sent another demand letter to the Debtor for November, December and January payments that were past due. In late February of 2019, the Debtor made the November 2018 payment. In March of 2019, the Debtor made the December 2018 payment. This was the last payment made on the loan to date.

6. On May 13, 2019, Movant sent a demand letter providing notice of default and acceleration and notice of a non-judicial foreclosure sale set for June 4, 2019. (Exhibit D). The Debtor still made no payments.

7. On June 2, 2019, the Debtor filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Texas, styled *In re Golasinski Homes, LLC*, Case No. 19-33035-H5-11 (the "Chapter 11"). The Debtor's schedules show that there are mechanic's liens against the Property for unpaid work of some sort. The Debtor's schedules also show that the Debtor has no cash and no source of income other than sale of the Property. The Debtor has not filed a motion for use of cash collateral. The balance due on the note as of June 4, 2019 was $850,604.68. The Movant believes the value of the Property is equal to or less than the amount due on the note. There is no equity in the Property, and it is not necessary for a reorganization.

### IV.

### Cause For Relief

8. Movant requests that this Court grant relief from the automatic stay to allow it to pursue its state-law remedies against the Property.

**A.     Lifting the Stay for "Cause."**

9. The Court should lift the automatic stay for Movant to pursue its state law foreclosure remedies pursuant to 11 U.S.C. § 362(d)(1).  Under that section, the Court must grant relief on the request of a party in interest "for cause," including the lack of adequate protection of an interest in property.  Section 362(d)(1) of the Bankruptcy Code does not define "cause," and bankruptcy courts must determine whether "cause" exists "on a case by case basis based on an examination of the totality of circumstances." *In re WGMJR, Inc.*, 435 B.R. 423, 432 *(In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); *In re Mendoza,* 111 F.3d 1264 (5th Cir. 1997). While the movant seeking relief under section 362(d)(1) bears the burden to show a *prima facia* case that "cause" exists, once the movant meets that burden, the debtor bears the burden to show that the movant is adequately protected. *In re Rogers,* 239 B.R. 883, 887 (Bankr. E.D. Tex 1999). When considering the totality of the circumstances in a particular case, a court must carefully balance all relevant factors including, among other things, the value of the collateral in question, whether the collateral is likely to depreciate over time, the hardships between the parties, and whether the debtor's actions as to the creditor's collateral unduly jeopardizes the creditor's rights in the collateral.

10. There is cause to lift the stay.  Further, there is a presumption of bad faith, because this case was filed on the eve of foreclosure of the Property.  The Property was posted for June foreclosure sale which was frustrated by the Chapter 11.

11. Further, this case is a rank bad faith filing. It is a classic example of a case that should be dismissed under *Little Creek Development Company v. Commonwealth Mortgage Corp. (In re Little Creek Development Company)*, 779 F. 2d 1068, 1073 (5th Cir. 1986). The Debtor filed a petition on the morning of Movant's non-judicial foreclosure sale that was scheduled for Tuesday June 4, 2019. Movant needs to proceed with foreclosure of this property and asks that this Court grant this motion. This Court should lift the stay and allow Movant to pursue its state law remedies, including but not limited to foreclosure of the collateral.

**B.     Lifting the Stay for Lack of Equity.**

12. Alternatively, the Court should lift the automatic stay for Movant to pursue its state law foreclosure remedies pursuant to 11 U.S.C. § 362(d)(2). Under that section, the Court must grant relief on the request of a party in interest if the debtor does not have any equity in the property, and the property is not necessary to an effective reorganization. As discussed above, there is no equity in the Property. The Property is deteriorating. In addition, the Property is not necessary to an effective reorganization. Without rental income, the Debtor cannot reorganize. This Court should lift the stay and allow Movant to pursue its state law remedies, including but not limited to foreclosure of the collateral.

**C.     Attorney's Fees**

13. Movant is entitled to and seeks to recover its attorney's fees and costs incurred in connection with this Motion.

14. Movant requests that the Court not impose the fourteen (14) day stay on enforcing an order for relief imposed by Bankruptcy Rule 4001(a)(3).

WHEREFORE, PREMISES CONSIDERED, Seguro Assets, LLC respectfully prays that this Court enter an order terminating or conditioning the automatic stay and authorize it to exercise its

state law statutory and contractual rights and remedies as to the Property, award its attorney's fees and filing costs incurred in connection to this Motion, waive the Rule 4001(a)(3) fourteen day stay, and grant it such other relief to which it may show itself entitled at law or in equity.

Respectfully submitted,

**WAUSON ♦ PROBUS**

By: ___/s/ Matthew B. Probus_____
    **Matthew B. Probus**
    State Bar No. 16341200
    Fed. ID No. 10915
    mbprobus@w-plaw.com

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)

*ATTORNEYS FOR MOVANT,*
*SEGURO ASSETS, LLC*

**CERTIFICATE OF CONFERENCE**

    Pursuant to BLR 4001-1(a)(1), I hereby certify that on Monday June 17, 2019, I conferred with opposing counsel was unable to reach an agreement on the requested relief. The parties are continuing to discuss resolution, however.

    ___/s/ Matthew B. Probus___
    Matthew B. Probus

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Motion for Relief from Stay has been served via electronic means as listed on the court's ECF noticing system and by regular U.S. First Class Mail on this 18th day of June 2019 to the following parties:

**Debtor**
Golasinski Homes, LLC
Attn: Timothy E. Golasinski, Manager
10107 Sagedale Drive
Houston, Texas 77089

**Debtor's Counsel**
David L. Venable
13201 Northwest Freeway, Suite 800
Houston, Texas 77040

**US Trustee**
Office of the US Trustee
515 Rusk Ave., Suite 3516
Houston, TX 77002

**Parties with Interest in the Collateral**
**And Requesting Notice**
Harris County
Linerbarger Goggan Blair Sampson, LLP
c/o John Dillman
P.O. Box 3064
Houston, TX 77253-3064

Harris County Tax Assessor
PO Box 4622
Houston, Texas 77210

Clear Brokk City MUD
11111 Katy Fwy., Suite 725
Houston, Texas 77079

Clear Creek ISD Tax Office
P.O. Box 799
League City, Texas 77574

Recon Construction LLC
2911 E. Broadway Street
Pearland, Texas 77581

Sykes Equity LLC
4509 Crawford Street
Houston, Texas 77004

                                                */s/ Matthew B. Probus*
                                                Matthew B. Probus